DA 12-0402

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 96N

DONALD HEPPNER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA, DEPARTMENT OF
LABOR AND INDUSTRY, and BOARD OF
REAL ESTATE APPRAISERS,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV 09-842(B)
                    Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Patrick F. Flaherty, Attorney at Law; Great Falls, Montana

      For Appellee:

            Don Edwin Harris, Special Assistant Attorney General, Department of Labor
            and Industry Board of Real Estate Appraisers; Helena, Montana

Submitted on Briefs:  March 13, 2013

Decided:  April 9, 2013

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Donald Heppner (Heppner) appeals from the order of the Eleventh Judicial District Court, Flathead County, on judicial review of the decision of the Board of Real Estate Appraisers (Board) that Heppner had violated Rules 1 and 2 of Uniform Standards of Professional Appraisal Practice (Uniform Standards). We affirm.

¶3     Heppner works as a certified residential real estate appraiser on a license issued by the Board. The Uniform Standards apply to the licensed real estate appraisers when they develop or report an opinion of value. Real estate agent Elsa Putzier (Putzier) filed a complaint against Heppner on October 7, 2004, in which she alleged that Heppner improperly had prepared an appraiser report for Sherry Darsow (Darsow).

¶4     The Board's screening panel determined that reasonable cause existed to believe that Heppner had violated the Uniform Standards. The Department of Labor and Industry (Department) appointed a hearing examiner to preside over the contested case proceedings. The hearing examiner issued proposed findings of fact, conclusions of law, and a recommended order. The Board adopted these recommendations with minor modifications on June 1, 2009.

¶5     The Board placed Heppner's license on probation for one year, required him to pay a $250.00 fine, required him to attend a fifteen hour Uniform Standards course, and required him to submit work for Board review. Heppner timely filed a petition for judicial review. The District Court found that Heppner's repeated admissions that his work for Darsow had been an appraisal and that the purpose of the work had been to develop an opinion of value constituted judicial admissions. The District Court affirmed. Heppner appeals.

¶6     Heppner argues that both he and Darsow intended that he would perform a mere "consulting appraisal" despite the fact that he used what he describes as a "boilerplate appraisal form." He alleged that Putzier was the only person harmed by his work due to the fact that Putzier had lost a real estate sale at a price that would have harmed Darsow. He further challenges the court's interpretation of two relevant Uniform Standards' definitions of "appraisal" and "appraisal consulting" and the hearing examiner's decision to accord weight to testimony from the Department's witness. Heppner finally challenges the District Court's determination that substantial evidence supported the Board's determination that Heppner had produced an appraisal.

¶7     A district court reviews an administrative agency's decision in a contested case to determine whether the findings of fact are clearly erroneous and whether the agency correctly interpreted the law. *Mont. Solid Waste Contractors, Inc. v. Mont. Dep. of Pub. Serv. Reg.*, 2007 MT 154, ¶ 16, 338 Mont. 1, 161 P.3d 837. We employ the same standard when reviewing the district court's decision, and must accordingly determine whether an

agency's findings of fact are clearly erroneous and whether its conclusions of law were correct. *Solid Waste Contracors*, ¶ 17.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the agency's findings and that the agency correctly applied the law.

¶9     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE